[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-2131

UNITED STATES,

Appellee,

v.

MICHAEL SORDILLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Lynch, Circuit Judge,

Campbell, Circuit Judge,

and Magill,* Senior Circuit Judge.

Michael A. Tucker, on brief for appellant.
Peter E. Papps, First Assistant U.S. Attorney, with Thomas P. Colantuono, United States Attorney, on brief for the United States.

**March 27, 2002**

---

*Of the Eighth Circuit Court of Appeals, sitting by designation.

**PER CURIAM**.  Michael Sordillo was indicted by a federal grand jury on one count of trafficking in motor vehicle parts in violation of 18 U.S.C. § 2321 (1994), and one count of operating a "chop shop" in violation of 18 U.S.C. § 2322 (1994), and thereafter found guilty by a jury on both counts.  The district court increased Sordillo's base offense level from 12 to 14 based on the existence of an "organized scheme to steal vehicles or vehicle parts" pursuant to U.S.S.G. § 2B6.1(b)(3) (1998).  The district court also imposed a special probation condition, which requires Sordillo to "refrain from engaging in the business of owning or operating any type of motor vehicle repair shop during the term of his supervision."  Sordillo appeals the district court's increase in his base offense level and the imposition of the special probation condition.  Because no objection was made at the time of sentencing to either issue raised on appeal, our review is for plain error.  United States v. Phaneuf, 91 F.3d 255, 262 (1st Cir. 1996).  For the reasons stated below, we affirm.

With respect to his first argument, Sordillo contends that the district court's imposition of the special probation condition conflicts with 18 U.S.C. § 2322(a)(2), which provides that the "Attorney General shall, as appropriate, in the case of any person who violates paragraph (1) [operation of a chop shop], commence a civil action for permanent or temporary injunction to restrain such violation."  Sordillo essentially argues that this provision grants the Attorney General the exclusive power to enjoin future business activities related to motor vehicles, and

-2-

therefore, the district court's special probation condition is an impermissible exercise of judicial authority.

While Sordillo's argument is novel, he points to no authority to support his assumption that the court's authority to impose a special condition of supervised release is limited merely because it tracks an available civil remedy. Moreover, we are unable to read into § 2322(a)(2) a provision that suggests that a civil injunction is the exclusive means of preventing a defendant from engaging in the same business that provided the means for the commission of the offenses of conviction.

"A sentencing judge has broad discretion to impose special conditions of release that are 'reasonably related' to (1) the defendant's offense, history and characteristics; (2) the need for adequate deterrence; and (3) the need to protect the public from further crimes of the defendant." Phaneuf, 91 F.3d at 263. We find the special probation condition imposed by the district court to be <u>directly related</u> to the means by which Sordillo committed the offenses. Sordillo was convicted of operating a "chop shop"; a shop he operated through his motorcycle repair and parts sale business. Thus, Sordillo's offense and past employment history are completely intertwined. In addition, prohibiting Sordillo from engaging in the business of owning or operating a motor vehicle repair shop serves the purposes of deterrence and protection of the public because it was through Sordillo's operation of such a business that he was able to engage in the prohibited offenses and cause injury to the public. Thus, we find

-3-

no error in the district court's imposition of the special probation condition limiting Sordillo's post-incarceration employment.

With respect to Sordillo's second argument, we conclude that the district court appropriately complied with section 2B6.1(b)(3) of the United States Sentencing Guidelines, which provides: "If the offense involved an organized scheme to steal vehicles or vehicle parts, or to receive stolen vehicles or vehicle parts, and the offense level as determined above is less than level 14, increase to level 14." Application Note (1) to section 2B6.1 further provides:

> Subsection (b)(3), referring to an "organized scheme to steal vehicles or vehicle parts, or to receive stolen vehicles or vehicle parts," provides an alternative minimum measure of loss in the case of an ongoing, sophisticated operation such as an auto theft ring or "chop shop." (emphasis added).

Because Sordillo was convicted of operating a "chop shop," a base offense level of 14 was proper.

Accordingly, the judgment and sentence of the district court is affirmed.